Johnson, C. J. delivered the opinion of the court. The 95th section of chapter 4, of the Revised Statutes of Arkansas provides that, “If any executor or administrator shall refuse to allow any claim or demand against the deceased after the’ same may have been exhibited to him in accordance with the provisions-of this act, such claimant may present his claim to the court of probate for allowance, giving the executor or administrator ten day’s notice of such application to the court.” And section 100 of the same act provides that “the court of probate shall hear and determine all demands presented for allowance under this act in a summany manner without, the forms of pleading, and- in taking testimony shall be governed by the rules of law in such cases made and provided.” The assignment of errors is in general terms, and the court is, consequently, left to discover the particular points, if any, in which the error of the circuit court consists. We have looked into the record, and upon a careful examination of it, have found but one solitary question involved in it. The’ only material question raised by the record is whether the probate court erred or not in striking from it-s fdes, the’ appellant’s plea of the statute of limitations. This point was directly presented to the circuit court, and is now of necessity revived and again1 presented for the adjudication of this court. The circuit court affim-ed the judgment of the court of probate, and in so doing necessarily decided that no error was committed by that court in relation to any material question either of law or fact. It is contended by the appellee that the probate court decided correctly in striking out the plea, because it was interposed after judgment by default. It will not be controverted, that when the defendant has been legally notified to appear and defend against the proceedings, and wholly fails to- do so, but makes default,- such default will not be set aside for the purpose of letting in a plea of the statute of limitations. But how can this rule be- made to apply to the case at bar ? The appellee,' it will be conceded, before he instituted this proceeding in the probate court, presented his claim to the appellant for allowance, and she refused to allow the same. Was this step alone sufficient to entitle him to a judgment? We think not. The statute is imperative that he shall give the administrator ten days notice of the application. In the absence of such notice, the probate court is not authorized to take jurisdiction of the person of the administrator; and consequently, any judgment rendered against him is a mere nullity. The record in this case-wholly fails to show any notice to the appellant either actual or constructive, nor is there any showing that the appellant waived it. In order to enable any court to bind a party by its judgment, it is essential that the record should affirmatively show that he iivas either legally notified of the proceeding against him, or that he had waived his right to such notice. The appellant, by appearing and applying to have the default set aside, waived none of her legal rights, except that of notice. She appeared, as she had a right to do, to ask the court to' set aside a mere nullity, and when that was done, she was in court for the first time, and consequently author-, ized to interpose any defence- whatever. Such being our view of the law, it only remains to be seen whether the plea itself is a mere nullity and as such properly stricken from the files: The statute expressly dispenses with the necessity of formal pleading, and the appellant, by filing her written plea, has done more than the law required. But she has made her election to make her defence in writing and must be held to all the strictness of special pleading. The plea sets up a fact, which, if trüe, and well pleaded will constitute a full and effectual bar to the action, and consequently cannot be such a nullity as to be stricken out on motion. We are therefore clearly. of opinion that the circuit court erred in affirming the judgment of the probate court. Judgment reversed, and cause remanded to the circuit court for a trial de nevo, and not inconsistent with this opinion: